UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 20-CR-0111-002-CVE |
| ) | |
| NEVILLE DAVID EWELL, II, ) | |
| a/k/a OG, ) | |
| previously named as Neville David Ewell, ) | |
| ) | |
| Defendant. ) | |

**OPINION AND ORDER**

Now before the Court is Neville David Ewell, II's Motion to Dismiss Indictment (Dkt. # 97). Ewell argues that he pled guilty in a prior case with a written plea agreement, and he claims that plaintiff has breached the plea agreement by filing criminal charges against him in this case. Dkt. # 97. There is no dispute that the plea agreement in the prior case did not contain a "no further prosecution" agreement, but Ewell argues that such a provision is "standard" in most plea agreements in this district, and that he should have been expressly advised by plaintiff or the Court that he could be prosecuted in a subsequent case. Ewell also argues that plaintiff unreasonably delayed in bringing the new charges against him, and he claims that the pre-indictment delay violated his rights under the Due Process Clause of the Fifth Amendment.

Ewell was charged with drug and firearms offenses in a prior criminal case in this district. United States of America v. Neville David Ewell, II, 19-CR-173-001-CVE (N.D. Okla.). The charges arose out of the execution of search warrants on March 8 and August 13, 2019, and law enforcement officers found illegal drugs and firearms during both searches. Ewell pled guilty to an information charging a single count of possession of a firearm in furtherance of a drug trafficking

crime in violation of 18 U.S.C. § 924(c), and the guilty plea was made pursuant to a Fed. R. Crim. P. 11(c)(1)(C) plea agreement in which the parties agreed that Ewell would receive a 60 month sentence. The plea agreement did not contain any agreement or promise by plaintiff that it would not prosecute Ewell for additional crimes, and plaintiff's counsel states that this omission was intentional because it did not intend to include a no-further prosecution agreement. Plaintiff's counsel represents that at the time it was investigating other potential charges against Ewell and his associates, known as the "Squeeze Team," and it purposefully chose not to include a "no further prosecution" provision in the plea agreement offered to Ewell. However, Ewell's attorney, Martin Hart, advised Ewell that it was Hart's opinion that no additional criminal charges would be filed against Ewell. The Court accepted the plea agreement and sentenced Ewell to 60 months imprisonment.

On August 5, 2020, a grand jury returned an indictment in this case charging Ewell, Orlando Reed, Larry Latwon Walker, and Thurman Smith with conspiracy to possess firearms in furtherance of a drug trafficking crime, drug conspiracy, and possession of a firearm in furtherance of a drug trafficking crime. Dkt. # 2. The alleged crimes took place between December 2018 and June 27, 2019. The indictment alleges that the charges in this case arose out of a conspiracy to transport firearms to California in exchange for marijuana, and the charges in this case do not appear to arise out of the March 8 or August 13, 2019 searches giving rise to the prior charges against Ewell. Dkt. # 2, at 1-3. Plaintiff requested leave to dismiss without prejudice the charges against Smith, and plaintiff's request was granted. Reed has pleaded guilty to one count of being a felon in possession of a firearm, and Walker and Smith remain set for jury trial in January 2022.

Ewell filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 in the prior case, and he argued that Hart provided ineffective assistance of counsel by advising him that no additional charges would be filed against him. Plaintiff received an affidavit from Hart, which is attached to its response. Hart admitted that he advised Ewell that in Hart's opinion "no other charges would be filed by the United States Attorney's Office for the Northern District of Oklahoma that arose from its investigation of Ewell's actions and conduct giving rise to the Superseding Indictment in 19-CR-173-CVE and regarding any past criminal conduct." United States of America v. Neville David Ewell, II, 19-CR-173-001-CVE, Dkt. # 94-1, at 1 (N.D. Okla. June 9, 2021). Ewell has now filed this motion to dismiss the charges in this case, on the grounds that the filing of new criminal charges breached the prior plea agreement and that plaintiff unreasonably delayed in filing the new charges. Dkt. # 97. The Court has ruled on Ewell's § 2255 motion and has found that Hart performed deficiently by advising Ewell that no other criminal charges would be brought against him. However, plaintiff did not breach any provision of the plea agreement by filing the new charges. The Court concluded that Ewell did not establish that he was prejudiced by Hart's advice concerning the effect of the plea agreement, and the Court denied Ewell's § 2255 motion.

Ewell's motion to dismiss in this case asserts two separate bases for dismissal of the charges. First, Ewell argues that plaintiff breached the plea agreement in 19-CR-173-CVE by filing new charges against him in this case. Second, he argues that the filing of additional criminal charges violates his rights under the Due Process Clause of the Fifth Amendment. As to the first argument, the Court finds no basis to reconsider its prior ruling that plaintiff has not breached the plea agreement by filing additional criminal charges against Ewell in this case. United States of America v. Neville David Ewell, II, 19-CR-173-001-CVE, Dkt. # 96, at 7-10 (N.D. Okla. Dec. 23, 2021).

3

Ewell was aware that the plea agreement in the prior case did not contain a "no further prosecution" agreement, and the Court has found that he received ineffective assistance of counsel from Hart concerning the potential for the filing of new criminal charges. However, the plea agreement clearly permitted plaintiff to file a new criminal case against Ewell, and his alleged misunderstanding of the plea agreement was not caused by any representation made by plaintiff's counsel or the Court. The transcript of the change of plea hearing in the prior case shows that plaintiff's counsel disclosed the key terms of the plea agreement on the record, and plaintiff's counsel did not make any statement suggesting that the plea agreement contained a "no further prosecution" agreement. There was no express or implied agreement to refrain from bringing additional charges against Ewell, and plaintiff did not breach the plea agreement by filing this case.

Ewell argues that plaintiff's "pre-indictment delay" in bringing the charges in this case has violated his due process rights. Ewell correctly notes that the statute of limitations is the "primary guarantee against bringing overly stale charges," but he claims that plaintiff "purposefully and improperly delayed the filing of the [i]ndictment . . . to induce Ewell to enter into a plea agreement in the 2019 [c]ase . . . ." Dkt. # 97, at 9 (citing United States v. Lavasco, 431 U.S. 783, 789 (1977)). However, ordinary investigative delay for the purpose of determining whether it is appropriate to bring charges against a defendant does not violate a defendant's constitutional rights, even if the delay somewhat prejudices the defendant due to the passage of time. Lavasco, 431 U.S. at 795-96. In order to establish a constitutional violation for pre-indictment delay in filing charges, a defendant has the burden to show that the government "intentionally delayed to gain some tactical advantage

over [the defendant]" and that he suffered "actual prejudice" because of the delay. United States v. Woodard, 817 F. App'x 626, 628 (10th Cir. June 17, 2020).[1]

The Court finds that Ewell has not met his burden to establish that plaintiff intentionally delayed in filing charges to gain a tactical advantage or that he has suffered actual prejudice. Ewell claims that plaintiff was aware of the facts giving rise to the charges in this case when he entered the plea agreement in the prior case, and he speculates that the charges in both cases arose out of the same investigation. Dkt. # 97, at 8-9. Plaintiff states that it has been investigating multiple possible criminal conspiracies involving the Squeeze Team, and it purposefully omitted "no further prosecution" agreements from plea agreements in earlier cases against members of the Squeeze Team due to the ongoing nature of the investigation. Dkt. # 116, at 10-11. There is no dispute that plaintiff was "aware" that it could potentially bring other charges against Ewell and other members of the Squeeze Team, but Ewell has provided no evidence that plaintiff delayed in bringing this case to gain a tactical advantage. He has also not shown that he has been prejudiced by any delaying in bringing the charges in this case. Ewell states that he was denied the opportunity to negotiate a plea deal on all possible charges against him, and he claims that he may have to serve a longer sentence if he is denied credit for time served on his § 924(c) conviction. Dkt. # 97, at 9-10. However, plaintiff states that it would not necessarily have agreed to a more favorable plea agreement if all possible charges were alleged in one indictment, and Ewell's claim that he would have received a different or better plea offer is entirely speculative. Dkt. # 116, at 12. The Court also finds that it would be premature to make any finding concerning the effect of Ewell's prior § 924(c) conviction

---

[1]   Unpublished decisions are not binding precedent in the Tenth Circuit but may be cited for their persuasive value. See Fed. R. App. 32.1; 10th Cir. R. 32.1.

on the possible sentence he might receive in this case because, as Ewell notes, the parties will not know until a presentence investigation report is prepared if the prior conviction will actually result in a longer term of imprisonment for Ewell. Dkt. # 97, at 10. Ewell's motion (Dkt. # 97) to dismiss the charges in this case to due an alleged breach of the plea agreement and pre-indictment delay is denied.

**IT IS THEREFORE ORDERED** that Neville David Ewell, II's Motion to Dismiss Indictment (Dkt. # 97) is **denied**.

**DATED** this 10th day of January, 2022.

_____
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE